UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RALPH SVEN UNDHEIM                    CIVIL ACTION NO. 05-0028

versus                                JUDGE HICKS
                                      **REFERRED TO:**
COMMISSIONER OF THE SOCIAL            **MAGISTRATE JUDGE HORNSBY**
SECURITY ADMINISTRATION

## MEMORANDUM RULING

**Introduction**

Ralph Undheim ("Plaintiff") applied for disability benefits (based on an insured status through December 31, 2002) and Supplemental Security Income payments. Plaintiff alleged depression and impairments to his legs, which were broken in a car accident. ALJ Nancy Griswold denied the claim in 2002, based on a finding that Plaintiff could perform his past work as a file clerk. Tr. 166-73. The Appeals Council vacated the decision and remanded the case with instructions to obtain additional documentation regarding mental problems, give further consideration to a treating source opinion, evaluate the claimant's subjective complaints and provide a rationale for the evaluation as required by the regulations and SSR 96-7p. Tr. 181-83.

ALJ Charles Lindsay conducted a hearing, obtained additional evidence regarding Plaintiff's mental and physical health, obtained an opinion from a vocational expert ("VE"), and issued a 12-page decision that denied benefits. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work activity (which involves

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools, standing/walking two hours a day, and sitting six hours a day), reduced by a sit/stand option and the need for occasional use of a cane for ambulation and by moderate limitations in the ability to respond appropriately to work pressures in a usual work setting or to changes in a routine work setting. Tr. 21-22.

Plaintiff was 46 years old at the time of the decision, had a GED and past work experience that included file clerk, roughneck and pipe fitter. The VE testified that a person with Plaintiff's RFC and vocational factors could not perform that past work, but he could perform jobs such as credit card clerk, sorter or charge account clerk. The sit/stand option would reduce by 50% the number of such jobs that were available, but there would still be almost 4,000 such jobs in Louisiana. The ALJ found at step five of the familiar sequential analysis that Plaintiff is capable of performing the demands of work that exists in significant numbers in the economy. Tr. 22.

The Appeals Council denied a request for review (Tr. 5), and Plaintiff filed this civil action seeking the limited judicial relief available under 42 U.S.C. § 405(g). The parties filed written consent to have the case decided by a magistrate judge and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court regarding social security cases, the case was referred to the undersigned for decision. For the reasons that follow, the Commissioner's decision will be affirmed.

**Issues on Appeal**

Plaintiff identifies two issues in the "statement of errors" portion of her brief: (1) the ALJ erred in rejecting the opinion of a treating physician without consideration of the six factors set forth in 20 C.F.R. § 404.1527(d); and (2) the ALJ did not follow the requirements of Section 404.1529 and SSR 96-7p when determining Plaintiff's credibility.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Issue One: Treating Source's Opinion**

Plaintiff visited the VA Mental Health Clinic several times. Psychiatrist W. A. McBride, M.D., was one of the providers who saw Plaintiff. Plaintiff faults the ALJ for, in particular, failing to give adequate weight to a statement Dr. McBride made in December 2001. Dr. McBride recorded that Plaintiff's mother had called regarding a social security evaluation that had indicated Plaintiff had a "mild" problem, which Dr. McBride wrote was

"certainly not appropriate." He continued: "He [Plaintiff] has a severe depressive disorder with borderline psychotic features. He is socially withdrawn, has impaired judgment and is disorganized in his thinking to the point of being incapable of any substantial gainful employment." Tr. 140. Plaintiff also faults the ALJ for not affording considerable weight to statements by VA psychologist John Magee, whose January 4, 2002 report was discussed by the ALJ. Dr. Magee recorded that his last contact with Plaintiff had been brief visits in 1998 when Plaintiff reported he was doing well. Plaintiff reported at that time that he was staying to himself, could not hold conversations with people, and was suspicious of persons who came near his rural home. Dr. Magee recorded that Plaintiff did not appear depressed, made fair relatedness, but seemed to have a paranoid personality disorder. He saw no evidence of psychotic process, though the personality disorder appeared to be "relatively severe." Tr. 137-38.

The ALJ discussed these reports at length. He also discussed reports and records from Dr. Allen Barnes, Dr. Richard Kaspar and Dr. Roger House. He was particularly impressed by and afforded greater weight to the opinions of clinical psychologist Susan Tucker, Ph.D., who performed a consultative evaluation in April 2004 and issued a detailed report. Plaintiff reported to Dr. Tucker that he had never been hospitalized for depression, but he was receiving Zoloft and some counseling. Plaintiff displayed average remote memory, but his recent memory was marginal. He demonstrated average ability to focus his concentration for brief periods, but sustained concentration was only marginal. He also had a marginal degree

of insight and social judgment. Dr. Tucker diagnosed major depression (secondary to general medical condition and alcohol abuse) and personality disorder, NOS. She believed the prognosis was fair, but expressed concerns about substance abuse, depression and probable low average intellectual functioning. Tr. 212-14.

Ordinarily, "the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." Scott v. Heckler, 770 F.2d 482, 485 (5th Cir. 1985). The treating physician's opinions, however, are far from conclusive. "[T]he ALJ has the sole responsibility for determining the claimant's disability status." Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir.1990). Accordingly, when good cause is shown, less weight, little weight, or even no weight may be given to the treating physician's testimony. The good cause exceptions that have been recognized include statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. Scott, 770 F.2d at 485. In sum, the ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." Id. See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

The ALJ discounted Dr. McBride's statement that Plaintiff was incapable of substantial gainful employment because that is a legal question reserved to the Commissioner. The ALJ was correct. Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ also noted that more or less weight will be afforded an opinion based on how

thorough an explanation is provided. Tr. 17. Plaintiff attempts to support Dr. McBride's statements with references in the VA medical records to Plaintiff having a GAF between 41 and 50. The ALJ pointed out that such a rating indicates serious symptoms such as suicidal ideation, severe obsessional rituals, frequent shoplifting, no friends or inability to keep a job. The reports did not include evidence to indicate such behavior, so the ALJ discounted the GAF rating. Tr. 18. The ALJ afforded "little weight" to an opinion from consultative psychologist Dr. House, explaining that the report by the one-time non-treating source was not thorough enough and was based on subjective complaints. Tr. 18. The ALJ afforded "greater weight" to Dr. Tucker's report, which he described as a thorough evaluation that considered subjective complaints against objective findings. Tr. 19.

It is not the role of the court to review the various medical reports and decide which the court believes is more persuasive or what RFC the court believes is appropriate. Rather, the court's role is to determine whether the ALJ articulated sufficient cause to justify the weight he afforded the evidence from the various medical sources. Reasonable minds might differ, and one can always find aspects of one medical source statement that tends to support or reduce its relative weight, but the ALJ gave adequate reasons in his written decision to justify the weight he afforded the various medical sources.

Plaintiff complains that the ALJ did not apply the six-factor test from 20 C.F.R. § 404.1527(d)(2), as discussed in <u>Newton v. Apfel</u>, 209 F.3d 448, 455 (5th Cir. 2000), before he afforded reduced weight to the treating sources. Later cases have clarified that the six-

factor review is required only when there is an absence of competing first-hand medical evidence. Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003); Nall v. Barnhart, 78 Fed. Appx. 996 (5th Cir. 2003). Dr. Tucker's report was competing first-hand evidence, so the ALJ's articulation of good cause was sufficient without the need for strict application of the six-factor test.

**Issue Two: Credibility**

Plaintiff's legs were broken in a car accident in 2000. He had surgery, was discharged in a wheelchair for four months, and later used a crutch or cane. He said he no longer uses a cane, but he might lean on a rake or other item when he is outside. His left leg is shorter than the right, and he has taken medication including hydrocodone for pain relief. Plaintiff argues that the ALJ did not adequately explain his assessment of Plaintiff's complaints of pain.

The ALJ noted Plaintiff's medical history with respect to his legs and discussed a report from Dr. Harold Weems, an orthopedic specialist who examined Plaintiff in November 2003. Dr. Weems found that it would not be uncommon for a person to have chronic knee pain stemming from the injuries Plaintiff suffered, but Plaintiff's ligamentous exams were good. He did have some crepitance in the right knee and stiffness in the left knee. Dr. Weems said he did not think it was reasonable to believe that Plaintiff could maintain a job that required him to be on his feet on a regular basis. He added that he thought Plaintiff

"would fit within a sedentary job description as long as he had opportunities to get up and stretch his legs as he needed." Tr. 204-05.

The ALJ noted in his opinion that Plaintiff had provided an inconsistent history regarding his education, telling Dr. Tucker that he had been in special education and did not have a GED. (Plaintiff testified at the hearing before ALJ Griswold that he completed the ninth grade, passed a test for a GED but never received the actual certificate. Tr. 276-77. He told ALJ Lindsay the same. Tr. 227.) Plaintiff also told Dr. Tucker that he had chronic pain in his liver, which is a condition not noted in other medical records. The ALJ also made note of Plaintiff's statement to Dr. House, that, "I can't even work with dogs or horses anymore." Tr. 201. But Plaintiff stated at the hearing that he takes his dogs for walks in the woods and exercise. Tr. 236.

The ALJ wrote that he had afforded full consideration to Plaintiff's contentions of pain, and the sedentary RFC he assessed shows that the ALJ believed that Plaintiff had substantial physical limitations, but the ALJ found that the degree of pain experienced by Plaintiff was not inconsistent with the performance of sedentary work. Tr. 21. Plaintiff complains that the ALJ did not adequately evaluate his subjective complaints under SSR 96-7p. The court finds that the ALJ's discussion of the evidence and his credibility assessment are sufficient to withstand judicial review. The ALJ did not, when discussing credibility, tick off each of the seven areas of inquiry (daily activities, medication taken, other treatment for pain relief, etc.), but the opinion as a whole discusses each of the applicable factors and

provides an adequate basis for the claimant and subsequent reviewers to understand the weight the ALJ gave Plaintiff's statements and the reasons for that weight. Furthermore, substantial evidence supports the credibility determination and entitles it to judicial deference. See Nall v. Barnhart, 78 Fed. Appx. 996 (5th Cir. 2003). There is no basis to find that the ALJ's assessment of the subjective complaints was so wrong as to preclude a finding of substantial evidence to support the extraordinarily limited RFC that was assessed.

**Conclusion**

Plaintiff was found to be about as limited as one can be without being disabled under the regulations. There is ample evidence that Plaintiff has serious physical and mental problems. The ALJ assessed the evidence relevant to both sets of problems and, although reasonable minds might have reached different conclusions with respect to the weight he afforded various medical sources and Plaintiff's subjective complaints, his opinion was adequately explained and supported by substantial evidence. Accordingly, a judgment affirming the Commissioner's decision will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 10th day of March, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE